

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. H. Griffin
County Attorney
Young County
Graham, Texas

Dear Sir:

Opinion No. O-4377
Re: Sheriffs - Article 1040,
V. A. C. C. P. - Feeding pri-
soners - Purchase of groceries
and dishes - Employment of
cook-maid

Your request for opinion has been received and
carefully considered by this department. We quote from your
request as follows:

"I wish to submit to your department the
following questions for an opinion.

"The Sheriff of Young County, Texas, lives
in the County Jail. He is paid by the County
45¢ per day for the support and maintenance of
each prisoner. The meals eaten by the prisoners
and also by the members of the Sheriff's family
are prepared in a common kitchen and from a com-
mon supply of groceries. At times it is neces-
sary to employ a maid to assist in the prepara-
tion of these meals and the serving thereof and
to also assist in household work in the Sheriff's
living quarters, as well as, in that portion of
the jail occupied by the prisoners?

"Young County officers are compensated on
a fee basis.

"In the Sheriff's annual report, the cost of
groceries is claimed as an expense of office and

Honorable E. H. Griffin, Page 2

the amount of money he has paid the maid for her work is also claimed as an expense of office.

"An item of $30.00 is shown on the Sheriff's annual report and claimed by him as an expense of office for the purchase of dishes used in this common kitchen.

"The employment of the maid and purchase of the dishes was done by the Sheriff without the knowledge or consent of the Commissioners' Court of Young County, Texas, and was not shown or claimed on any monthly statement of expense.

"Please inform me as to what portion of the grocery bill should be allowed as an expense of office.

"Please inform me as to whether or not the cost of maid service should be allowed as an expense of office and if such is allowed, what portion, if any, should be so allowed.

"Please inform me as to whether or not the purchase of dishes should be allowed as an expense of office, and if so, what portion."

Article 1040, Vernon's Annotated Texas Code of Criminal Procedure, reads in part as follows:

"For the safe keeping, support and maintenance of prisoners confined in jail or under guard, the sheriff shall be allowed the following charges:

". . .

"2. For support and maintenance, for each prisoner for each day such an amount as may be fixed by the commissioners court, provided the same shall be reasonably sufficient for such purpose, and in no event shall it be less than forty cents per day nor more than seventy-five cents per day for each prisoner. The net profits shall constitute fees of office and shall be accounted for by the sheriff in his annual report as other fees now provided by law. The sheriff shall in

Honorable E. H. Griffin, Page 3

such report furnish an itemized verified account
of all expenditures made by him for feeding and
maintenance of prisoners, accompanying such re-
port with receipts and vouchers in support of
such items of expenditure, and the difference be-
tween such expenditures and the amount allowed
by the commissioners court shall be deemed to con-
stitute the net profits for which said officer
shall account as fees of office. . . ."

The above quoted section of the statute provides,
among other things, that the net profits (of the feeding and
support of prisoners by the sheriff) shall constitute fees of
office and shall be accounted for by the sheriff in his annual
report as other fees now provided by law. The section also
provides "that the sheriff in such report (referring undoubted-
ly to his annual report referred to above) (brackets ours)
furnish an itemized verified account of all expenditures etc."
The above quoted section deals specifically with the sheriff's
"fees of office" and "expenditures" in the feeding and mainten-
ance of prisoners.

Under Article 3899, V. A. C. S., the expenses, other
than those expenditures in connection with automobiles, which
an officer is authorized to claim as deductions when properly
reported in the required monthly report, are limited to sta-
tionery, stamps, telephone, premiums on officials' bonds, in-
cluding the cost of surety bonds of deputies, premium on fire,
burglary, theft, robbery insurance protecting public funds,
traveling expenses, and other similar necessary expenses, the
rule of construction "ejusdem generis" being applied to qualify
the general language by the specially enumerated items and
to restrict its meaning to expenses of the same kind or class.
See State v. Carnes, 106 S. W. (2d) 597, and Casey v. State,
289 S. W. 423.

Article 1046, Vernon's Annotated Texas Code of
Criminal Procedure, reads as follows:

"At each regular term of the commissioners
court, the sheriff shall present to such court
his account verified by his affidavit for the ex-
pense incurred by him since the last account pre-
sented for the safe-keeping and maintenance of
prisoners, including guards employed, if any.

Honorable R. H. Griffin, Page 4

Such account shall state the name of each pri-
soner, each item of expense incurred on account
of such prisoner, the date of each item, the
name of each guard employed, the length of time
employed and the purpose of such employment."

Article 1047, Vernon's Annotated Texas Code of
Criminal Procedure, reads as follows:

"The commissioners court shall examine such
account and allow the same, or so much thereof
as is reasonable and in accordance with law, and
shall order a draft issued to the sheriff upon the
county treasurer for the amount so allowed. Such
account shall be filed and kept in the office of
such court."

The case of Harris County, et al v. Hammond, 203 S. W.
451, construed Article 1148 of the Texas Code of Criminal Pro-
cedure of 1911, now Article 1046, Vernon's Annotated Texas
Code of Criminal Procedure, and said case holds that a sheriff's
accounts for keeping prisoners, giving the name of each per-
son, the date and hour committed, the offense, when and how
released, the number of days in jail, and arriving at the
amount of the bill by multiplying the number of days by the
per diem allowance per prisoner, was not required to be more
fully itemized, under Article 1148, Code of Criminal Procedure
of 1911, requiring accounts presented to Commissioners' Court
for keeping prisoners to state the name of each prisoner
and each item of expense incurred on account of each prisoner.

We quote from opinion No. 0-2680 of this department
as follows:

"In answer to your second question you are
respectfully advised that it is the opinion of
this department that the law does not require
the Sheriff in a fee county to file a monthly
report of expenditures for feeding prisoners;
that Article 3899, supra, is inapplicable to such
situation; that Section 2 of Article 1040, C. C. P.,
supra, governs said situation and under said
section it is the duty of the Sheriff to account
in his annual report (required by Article 3897,
supra) for the net profits arising from the feed-
ing and maintenance of prisoners, as a fee of
office, also furnishing in said annual report an

Honorable K. H. Griffin, Page 5

itemized verified account of all expenditures
made by him for feeding and maintenance of pri-
soners, etc. The difference between such ex-
penditures and the amount allowed by the Com-
missioners Court within the limitation set out
in the section constitutes the net profits for
which the Sheriff shall account for as a fee
of office in his annual report. However, under
Article 1046, Vernon's Annotated Texas Code of
Criminal Procedure, it is the duty of the
sheriff to file his verified account for keep-
ing prisoners with the Commissioners' Court
at each regular meeting of said court as out-
lined by said article. The itemization of
said account will be sufficient if it meets
the requirements laid down in the case of
Harris County, et al vs. Hammond, supra."

Ke quote from opinion No. 0-3394 of this department
as follows:

"You state in your letter that 'the sher-
iff and his family (consisting of four people)
eat their meals that are prepared from the same
supplies used in feeding the prisoners.' You
then propound, for our answer, the following
question: 'Shall the meals, the groceries,
consumed by the sheriff and his family, also be
accounted for as profits and fees of office, as
the cash profit from the jail is?'

"As we understand the facts from your let-
ter, the sheriff buys all the groceries together,
for the prisoners and also for his family, and
the meals for each are then prepared from these
groceries. In order that the sheriff may proper-
ly account for the profits derived from the feed-
ing of the prisoners where the groceries are so
bought, only those groceries actually used in
feeding the prisoners should be charged against
the allowance made by the commissioners' court
in determining the net profits to be accounted
for in the sheriff's report. If this is done,
'the profits from feeding the prisoners are
properly accounted for by him,' as stated in the

last line of the next to the last paragraph
of your letter. If this is done, your ques-
tion should be answered in the negative.

"In view of your question and from the
language of your letter as a whole, however,
we presume that the total cost of the groceries,
including those consumed by the sheriff's
family, is charged as an item of expense
against the allowance made by the commission-
ers' court and the difference or 'profits' re-
ported. If this is the case, the amount re-
ported by the sheriff would not reflect the
correct amount of profits required to be re-
ported by the sheriff under Article 1040 of
the Code of Criminal Procedure. The amount
reported would be less the amount used to pay
for that part of the groceries consumed by
the sheriff and his family. This would be
tantamount to the retention and failure to
report by the sheriff a part of his fees in
violation of the statute. Under these facts,
therefore, your question should be answered
in the affirmative.

"  .  .  .

"In view of the foregoing authorities, you
are respectfully advised that it is the opinion
of this department that, under the facts stated,
the sheriff should either deduct only the cost
of the groceries actually used in feeding the
prisoners from the allowance made for the feed-
ing and maintenance of the prisoners and report
the difference as fees of office, or, he should
deduct the total costs of the groceries from
the allowance made by the commissioners' court
and report the difference plus the cost of the
groceries consumed by the sheriff's family as
fees of office.

"What we have said above is based upon the
presumption that the officers of Midland County
are compensated on a fee basis.

"In view of the statement made in your let-
ter that 'Most of the time the sheriff employs

a cook whose salary is charged to expense of
office', we wish to point out that such ex-
penditure does not constitute an expense of
office and should not be charged as such.
The expense of employing a cook to prepare
food for the prisoners should be charged
against the allowance made by the commission-
ers' court for the feeding and maintenance of
the prisoners in the same manner as the cost
of the groceries are charged against said
allowance in determining whether the sheriff
has made a net profit to be reported as fees
of office under Article 1040, Code of Crim-
inal Procedure. See State v. Carnes, et al
(Civ. App.) 106 S. W. (2d) 397, at page 400."

This department held on March 4, 1938, in an opin-
ion written by Hon. James N. Neff, Assistant Attorney General,
that the sheriff should buy the food used in feeding pri-
soners confined in the county jail; that it was the duty of
the Commissioners' Court to furnish the county jailer with
mattresses and blankets and that such mattresses and blankets
should be bought on competitive bids as provided by Article
1659, Revised Civil Statutes of Texas.

Opinion No. 0-329 of this department holds that
the sheriff and not the Commissioners' Court should super-
vise the purchase of food and the feeding of prisoners.

We quote from opinion No. 0-1228 of this department
as follows:

"With reference to your first question
you are respectfully advised that it is the
opinion of this department that in your county
the sheriff has authority to feed and purchase
food necessary for the maintenance of prison-
ers in the county jail. You are further res-
pectfully advised that it is the opinion of
this department that in your county the com-
missioners' court would have authority to pur-
chase or authorize the purchase of other sup-
plies necessary for the maintenance of pri-
soners, under the provisions of Article 1659,
Revised Civil Statutes of Texas."

Honorable I. H. Griffin, Page 8

We enclose herewith copies of opinions Nos. O-3394, O-2680 and O-1228 of this department for your information.

You are respectfully advised that it is the opinion of this department:

1. The cost of the groceries consumed by the sheriff and his family should not be charged against the allowance made by the Commissioners' Court for the feeding and maintenance of the prisoners. The sheriff should pay personally for his own groceries and should not charge up the groceries he and his family consume as an expense against the allowance made him by the Commissioners' Court. For example, if the sheriff bought a bill of groceries amounting to $50.00 and served $40.00 worth of same to his prisoners and the sheriff and his family consumed $10.00 worth of the groceries, the sheriff then should report only $40.00 of same as an item of expense chargeable against the allowance made him by the Commissioners' Court for the purpose of determining what profit, if any, was made. Any profit made would be reported as a fee of office as outlined in Article 1040, V.A.C.C.P.

2. The sheriff has authority to employ a cook-maid to cook food for and serve food to the prisoners and to do household work necessary for the maintenance of the prisoners; the salary paid to such cook-maid for such services should be deducted as an expense against the sheriff's allowance for the purpose of determining what profit, if any, was made. However, the salary paid to such cook-maid for cooking for the sheriff and his family and for performing household work for the sheriff and his family should not be charged up as an item of expense against the allowance.

3. It is not necessary for the sheriff to make a monthly report on the groceries and cookmaid expense as same should be reported in his annual report. (See opinion No. O-2680, supra.)

4. We find your question with reference to the purchase of the dishes rather difficult in view of the meager facts given us with reference to same. However, under the facts stated the $30.00 worth of dishes bought by the sheriff was bought on his own responsibility and are his dishes and do not belong to the county. We are not furnished with information as to whether the county had necessary and adequate

Honorable E. H. Griffin, Page 9

dishes on hand at the county jail. Ordinarily, the Commissioners' Court will furnish their jails with necessary stoves, kitchen equipment, utensils, knives, forks, spoons, dishes and other similar things necessary for the feeding of prisoners. The feeding of prisoners, of course, requires a certain amount of dishes. If the county had no dishes in its jail or did not have enough dishes to adequately feed the prisoners in a reasonable manner and the sheriff used his dishes in discharging his duty in feeding prisoners, we think he would be entitled to charge up as an expense against his allowance for the purpose of determining profit, if any, and fees of office, if any, under Article 1040, V.A.C.C.P., a reasonable charge for the use of his dishes, in feeding the prisoners (not including his personal use of the dishes), including wear, breakage and depreciation. The reasonableness of such charge would be determined by the Commissioners' Court in its sound discretion.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED THE 10 1949

F:CO

CLOSURE

